
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA JACKSON, et al., | No. 10-17112 |
| Plaintiff-Appellant, | D.C. No. 3:08-CV-01607-JSW |
| v. | MEMORANDUM[*] |
| WILSON, JACKSON, GOODRICH & SONSINI, et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 1, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District Judge.[**]

Pamela Jackson appeals the district court's grant of summary judgment for

Appellees, upholding their decision to deny her Long Term Disability Benefits under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

an ERISA plan. We reverse. Because the parties are familiar with the facts and procedural history, we will not recount them here.

The first issue on appeal is whether the district court granted a Rule 56 Motion for Summary Judgment or a Rule 52 judgment on the record. The district court issued an order entitled "Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Cross-Motion for Summary Judgment". Its only mention of Rule 52 was cursory, and failed to meet any of the procedural requirements for a Rule 52 judgment on the record. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1444 (9th Cir. 1985); *see also Starsky v. Williams*, 512 F.2d 109 (9th Cir. 1975). Accordingly, the district court issued an order granting summary judgment for Appellees, and we review it as such.

The district court was to review Appellant's ERISA file *de novo. See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). To accomplish this task, the district court had to review the administrative record thoroughly, and weigh each side's interpretation of the evidence. *See*, *e.g.*, *Fagan v. Life Ins. Co. of N. Am.*, No. C09-2658(PJH), 2010 WL 3293702, at *10 (N.D. Cal. Aug. 19, 2010). The district court's review does not meet this standard, given its cursory nature and indication that there was "*sufficient* evidence . . . to sustain Prudential's denial of benefits." (emphasis added)

Upon proper review of the record, Appellant was entitled to an award of disability benefits under the definition of the ERISA plan. Viewing the record as a whole, the court below was not justified in its finding that Appellant failed to show she was disabled.

Appellant suffered an injury when a needle touched her spinal cord during treatment for recurrent back pain. Complaints of numbness in her feet followed. Though she thereafter had spinal surgery, which her doctor (as back surgeons often do) viewed as successful, as time passed she complained increasingly of a lack of relief.

Appellant sought to return to work, but was unable to handle her duties, which required protracted uninterrupted seating. Her job did not, contrary to the Appellee's assessment, permit her to sit and stand at will.

Setting aside the questionable propriety under the Plan of Appellee's insistence that Appellant verify her claim with objective clinical evidence, the record shows that the presence of Harrington Rods in her back prevented clinical confirmation of her persistent complaints of pain. *See Saffron v. Wells Fargo & Co. Long Term Disability Plan,* 522 F.3d 863, 872-73 (9th Cir. 2008) (noting that in some instances parties cannot be required to offer objective evidence of subjective pain); *Salomaa v. Honda Long Term Disability Plan,* 642 F.3d 666, 676-78 (9th Cir. 2011) (disability insurer

abused its discretion when it required objective evidence when there could be no such evidence).

Although Prudential was not required to give special deference to Appellant's treating physician, it should not have arbitrarily refused to credit evidence from Dr. Light and the other treating physicians from whom Appellant sought opinions. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003). In addition, the district court should have at least considered Appellant's Social Security disability award. *See Salomaa*, 642 F.3d at 679.

There was no evidence of malingering on the part of this long-term employee. On leaving work, even in the face of the Appellee's continuing refusal to grant her application, she lost not only her livelihood, but her home. Enduring those consequences when she could no longer endure her pain provides additional persuasive proof of her entitlement to benefits.

We reverse the district court's grant of summary judgment for Appellees and in turn grant summary judgment to Appellant, along with all commensurate denied ERISA benefits from May 1, 1999, onward.

REVERSED.

No. 10-17112, *Jackson v. Wilson, Jackson, Goodrich & Sonsini, et al.*

CLIFTON, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that summary judgment under Rule 56 should not have been entered in favor of defendants. I disagree, however, with the direction that on remand summary judgment be granted in favor of plaintiff. The evidence is not so one-sided as to eliminate genuine issues of material fact. Notably, there is a genuine issue with regard to the plaintiff's ability to do her help desk job even with her pain, in light of Defendants' submission that her job allows her to "move around as needed."